**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALEX JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5021** |
| **SGT. LARRY JACKSON, LT. R. STEADMAN,** | **SECTION "J"(3)** |
| **INDIVIDUAL/OFFICIAL CAPACITIES** | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment (Rec. Doc. No. 20) filed by the

defendants, Sergeant Larry Jackson, Lt. R. Steadman, and Captain Darryl Mizell. The defendants

seek dismissal of the plaintiff Alex Jackson's claims for failure to exhaust administrative remedies.

Jackson has opposed the motion. The motion and the entire matter were referred to a United States

Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit

proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) and (c), §

1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e (c)(1) and(2). Upon review of the

record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

## I.       Factual Summary

The plaintiff, Alex Jackson, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center

("RCC") in Angie, Louisiana. Jackson filed this *pro se* and *in forma pauperis* complaint pursuant

to 42 U.S.C. § 1983, seeking monetary damages as a result of alleged violations of his constitutional

rights.

The plaintiff sues as defendants Sergeant Larry Jackson, Lieutenant Richard Steadman, Captain Darryl Mizell, Lieutenant Christine Moses, and Disciplinary Board Chairman Joey Rawls.[1] He alleges that on November 2, 2008, in violation of prison policy, Sergeant Jackson allowed inmate James Hayes out of his cell without restraints while the plaintiff was in the shower. He alleges that, as Hayes was leaving the shower, Sergeant Jackson opened the plaintiff's cell to allow him to go to the shower without restraints. At that time, Hayes attacked the plaintiff. The plaintiff alleges that Sergeant Jackson intentionally and deliberately left Hayes outside of his cell without restraints and with a weapon in his hand.

Jackson further alleges that he wrestled Hayes to the ground and Sergeant Jackson dove on his back knocking the plaintiff off of Hayes. Sergeant Jackson began hollering for help while keeping the plaintiff and Hayes separated. Eventually, Lieutenant Steadman arrived and secured Hayes in his cell. The plaintiff was allowed to take his shower.

The plaintiff alleges that he informed Sergeant Jackson and Lieutenant Steadman that he had injuries to his left eye, facial area, neck, and back. He was denied medical assistance despite declaring himself a medical emergency. Jackson also alleges that he filed an administrative remedy procedure complaint, 2008-455, which was denied.

Jackson requests that he be given medical care at the defendants cost. He also seeks declaratory and injunctive relief, including a transfer to a jail closer to St. Martin Parish, $30,000 in nominal, compensatory, and punitive damages. He also invokes the Court's supplemental jurisdiction to hold defendants liable under La. Civ. Code arts. 2315-2324.

---

[1]Rec. Doc. Nos. 1, 8.

**II.     Defendants' Arguments in Support of the Motion for Summary Judgment**

The defendants allege that Jackson has failed to exhaust administrative remedies procedure before filing this suit as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Louisiana's Corrections Administrative Remedy Procedure at La. Rev. Stat. Ann. §15:1171 *et seq*., and the Louisiana Department of Public Safety and Corrections' administrative regulations in the Louisiana Administrative Code, Title 22, Part I, § 325.

In their motion, the defendants outline the two-step state administrative remedy process available to Jackson at RCC.  They indicate that Jackson was required to write a grievance letter or "ARP" to the warden within 90 days of the incident outlining the basis of his claim and the desired relief.  The warden is required to respond to the ARP within 40 days from receipt.  This concludes the first step.

If the inmate is dissatisfied, he can appeal to the Secretary of the Department of Corrections ("DOC") by marking the response form of his intent and forwarding it to the ARP screening officer at the prison within five days of the receipt of the warden's decision.  The DOC Secretary is required to respond to the inmate within 45 days of receipt.  This concludes the second step and is the final decision on the matter before suit can be filed.

The defendants reference Jackson's complaint to show that he presented ARP 2008-455, to the warden at RCC on November 10, 2008.  The warden's response, according to the complaint, was dated November 18, 2008.  His appeal was also received and accepted by the DOC Secretary on December 5, 2008.

The defendants also indicate, as does the record, that Jackson signed his complaint on November 21, 2008, and it was filed by the clerk of court on December 1, 2008.  The defendants

3

therefore argue that, at the time of filing, Jackson had not fully exhausted the ARP process described above.

In opposition to the motion, Jackson argues that the defendants should be estopped from asserting an exhaustion defense because the defendants Steadman and Sergeant Jackson continue to search his cell and confiscate and destroy his legal documents.[2] He also argues that his ARP was deemed exhausted after 90 days from the original complaint because he did not timely receive a second step response from the DOC Secretary. He also argues that the defendants' exhaustion defense should be overruled because he has filed a new lawsuit in Civ. Action 09-3003"J"(3).[3]

The Court will consider the merits of the defendants summary judgment under the standards set forth below. In addition, because not all defendants joined in the motion, the Court will consider the remaining claims pursuant to its statutory screening authority as discussed below.

III. **Standards of Review for a Motion for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Fields v. City of Southern Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The Court's task is not to resolve disputed issues of fact, but to determine whether there exists any factual issues to be tried. See Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party. Id., at 248.

---

[2]Rec. Doc. No. 23.

[3]Rec. Doc. No. 24. The Court has confirmed that this civil action was filed and is pending before the Court.

The moving party bears the initial responsibility of informing the district court of the basis

for its motion and identifying those portions of the record which it believes demonstrate the absence

of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the

moving party carries its burden of proving that there is no material factual dispute, the burden shifts

to the nonmovant "to show that summary judgment should not lie." Hopper v. Frank, 16 F.3d 92,

96 (5th Cir. 1994). While the court must consider the evidence with all reasonable inferences in the

light most favorable to the nonmovant, the nonmoving party must come forward with specific facts

showing that there is a genuine issue for trial. See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show

that there is some metaphysical doubt as to the material facts." Id.

Instead, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or

by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue of fact for trial." Celotex Corp., 477 U.S. at 324. If the record

taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

genuine issue for trial. See Szabo v. Errisson, 68 F.3d 940, 942 (5th Cir. 1995); Davis v. Chevron

U.S.A., Inc., 14 F.3d 1082, 1085 (5th Cir. 1994).

## IV.    Analysis

### A.    Defendants' Motion

The PLRA, as codified, provides that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held that "the PLRA's

exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Further, the United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Exhaustion is *mandatory* in cases covered by § 1997e(a). Porter, 534 U.S. at 524.

"'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary, 796 (3rd ed. 1981)), abrogated on other grounds by Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007). A plaintiff's administrative remedies are not exhausted unless he has pursued the matter through *conclusion* of a multi-step administrative procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). If an inmate, as here, files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated on other grounds by* Carbe v. Lappin, No. 06-40192, 2007 WL 1934882, at *1 (5th Cir. July 5, 2007).

In this case, Jackson's original complaint is deemed filed on November 18, 2008.[4] His

amended complaint, in which Mizell was first named, is deemed filed on December 9, 2008.[5] As

conceded by both sides, Jackson's second step appeal was not filed with the DOC Secretary until

December 5, 2008. Thus, at the time this lawsuit was filed, plaintiff's appeal was not yet filed with

the Secretary of the Louisiana Department of Public Safety and Corrections, and the Secretary's

deadline for responding to that appeal had not yet expired by the time both the complaint and

amended complaint were filed. Therefore, at that point, plaintiff's administrative remedies were not

yet exhausted.

Moreover, even if the administrative procedures have since been completed, as Jackson

alleges, that fact would be of no moment. The PLRA "plainly requires that administrative remedies

be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending." Wendell

v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis in original). In Wendell, the United States

Fifth Circuit Court of Appeals noted:

> Absent a valid defense to the exhaustion requirement, the statutory requirement
> enacted by Congress that administrative remedies be exhausted *before* the filing of
> suit should be imposed. To hold otherwise would encourage premature filing by
> potential litigants, thus undermining Congress' purpose in passing the PLRA, which
> was to provide the federal courts some relief from frivolous prisoner litigation.

Id. at 890-91 (emphasis in original) (citations omitted).

Jackson clearly was in the midst of the administrative procedure at the time this lawsuit was

filed. To allow him to concurrently pursue a federal court challenge before the administrative

---

[4]In the *pro se* prisoner context the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995); see also, Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993). In this case, Jackson signed his complaint on November 18, 2008. This is the earliest date on which he could have delivered the complaint to prison officials for mailing.

[5]See Id. Jackson signed the amended complaint on December 9, 2008, and it was filed by the clerk of court, after leave was granted, on December 18, 2008.

review was complete would undermine the congressional intent of § 1997e(a). The United States

Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and
> improve the quality of prisoner suits; to this purpose, Congress afforded corrections
> officials time and opportunity to address complaints internally before allowing the
> initiation of a federal case. In some instances, corrective action taken in response to
> an inmate's grievance might improve prison administration and satisfy the inmate,
> thereby obviating the need for litigation. In other instances, the internal review
> might "filter out some frivolous claims." And for cases ultimately brought to court,
> adjudication could be facilitated by an administrative record that clarifies the
> contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

Accordingly, the defendants, Sergeant Jackson, Steadman, and Mizell, are entitled to

judgment as a matter of law and the instant complaint against them should be dismissed based on

plaintiff's failure to exhaust.

B.      **Remaining Defendants**

Jackson has also named as defendants, Christine Moses and Joey Rawls, who were not party

to the motion for summary judgment discussed above. Nevertheless, the Court has determined that

Jackson had not exhausted administrative remedies at the time of the filing of this complaint or the

amended complaint, in which these defendants were first named. The claims against these

defendants must also be dismissed.

Pursuant to 28 U.S.C. § 1915(e) and § 1915A, and with specific reference to prison

conditions, 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners

proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim for

which relief can be granted. Relying on this screening authority, the United States Fifth Circuit

Court of Appeal has held that a district court may *sua sponte* dismiss a complaint for failure to

exhaust administrative remedies. See Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007) (the district court can sua sponte dismiss a complaint if the complaint demonstrates the failure to exhaust) (citing Jones v. Bock, 549 U.S. 199 (2007)); see also Lathers v. Nelson Coleman Correctional Center, No. 07-CV-2891, 2007 WL 1702780, at *4 (E.D. La. June 11, 2007).

In this case, the decision to dismiss the remainder of Jackson's complaint and the amended complaint, in which Moses and Rawls were named, is not wholly *sua sponte*. The failure to exhaust was in fact raised by the other defendants. Nevertheless, the lack of exhaustion is established by the dates and exhibits presented in and with Jackson's complaint. Jackson has had an opportunity to present to the Court his opposition to dismissal of his complaint for failure to exhaust. Thus, for the reasons set forth above, Jackson's complaint against Moses and Rawls must also be dismissed for failure to exhaust administrative remedies prior to filing of the original and amended complaints, as required by §1997e.

## V. Recommendation

It is therefore **RECOMMENDED** that the **Motion for Summary Judgment (Rec. Doc. No. 20)** filed by the defendants, Sergeant Jackson, Lieutenant Steadman, and Captain Mizell, be **GRANTED**.

It is further **RECOMMENDED** that Jackson's complaint and amended complaint against the defendants, Sergeant Jackson, Lieutenant Steadman, Captain Mizell, Christine Moses, and Joey Rawls, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies under § 1997e and with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 27th day of March, 2009.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**